## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ARDELL JENKINS, | Case No. 19-CV-1050 (DSD/TNL) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| FAMILY JUSTICE CENTER, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Ardell Jenkins's Complaint, ECF No. 1, and Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application"), ECF No. 2.  The Court recommends dismissing this action without prejudice for lack of jurisdiction and denying the IFP Application as moot.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'"  *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  After reviewing Jenkins's Complaint, the Court finds that it lacks subject-matter jurisdiction over this action.

The Complaint's sole substantive allegation reads: "I been harass about court date harass by receptionist or the phone trying to gain joint custody of of my child."  Compl. at 3 (errors in original).  Jenkins does not explain what sort of relief he seeks.  *See id.* at

4. Review of state-court records suggests that Jenkins has been involved in some sort of custody action in Hennepin County, Minnesota. *See* Register of Actions, *Jenkins v. Merritt*, No. 27-FA-18-7111 (Minn. Dist. Ct.) (listing case type as "Custody"), *available at* http://pa.courts.state.mn.us (last accessed May 23, 2019). As best as this Court is able to tell, Jenkins wants to bar Defendant Family Justice Center ("FJC") from contacting him about some aspect of his custody case.

Before proceeding, this Court must ensure it has subject-matter jurisdiction over the dispute. *See, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Gen. Mills, Inc. v. Retrobrands USA, LLC*, No. 19-CV-0258 (NEB/DTS), 2019 WL 1578689, at *1 (D. Minn. Apr. 12, 2019). The main types of federal subject-matter jurisdiction are federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *See, e.g.*, *Briks v. Yeager*, No. 19-CV-0001 (NEB/LIB), 2019 WL 2119560, at *2 (D. Minn. May 15, 2019); *Soltan v. Coburn*, No. 09-CV-0478 (JRT/FLN), 2009 WL 2337134, at *3 (D. Minn. July 23, 2009).

Diversity jurisdiction cannot exist in this action as Jenkins indicates that both he and the FJC are citizens of Minnesota. Compl. at 3. *See E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015) (diversity jurisdiction requires that no defendant be a citizen of a state where any plaintiff is a citizen).

Federal-question jurisdiction is based on the action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jenkins asserts that federal-question jurisdiction exists here, but he identifies no federal law,

2

constitutional provision, or treaty allegedly violated. Without a discernable federal question, there is no basis for jurisdiction under § 1331.

As this Court lacks subject-matter jurisdiction over this action, the Court recommends that it be dismissed without prejudice. The Court further recommends that the IFP Application be denied as moot.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

2. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. 2, be **DENIED AS MOOT**.


Dated: May 29, 2019                *s/Tony N. Leung*_____
                                    Tony N. Leung
                                    United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).